IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | **SEALED** |
| v. | § § | No. 4:23-CR-114 |
| ADRIAN ALEJANDRO GARCIA (1)  | § § § | Judge Jordan |

### INDICTMENT

The United States Grand Jury Charges:

### A. INTRODUCTION

At all times material to this Indictment:

    1.    18 U.S.C. § 922(a)(6) makes it a crime for anyone to make a false or fictitious oral or written statement to a licensed firearms dealer in order to acquire a firearm. A statement is "false or fictitious" if it was untrue when made and was then known to be untrue by the person making it. A false statement is "likely to deceive" if the nature of the statement, considering all of the surrounding circumstances at the time it is made, is such that a reasonable person of ordinary prudence would have been actively deceived or misled.

    2.    Federal Firearms Licensees (FFL) are dealers of firearms who sell firearms as part of their livelihood. FFLs are required by federal law to maintain records relating to the sale of firearms to consumers. The principal purpose of requiring licensed firearms dealers to obtain such information from purchasers is to assist law enforcement. One of

the records required to be kept by FFLs is the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 (Form 4473). Roy's Pawn, Cash Plus Pawn, Ray's, Mission Ridge Range & Academy, and WEG's Guns are gun stores that are owned and operated by FFLs.

3.   FFLs may not lawfully sell a firearm to the public without first having the prospective purchaser complete the Firearms Transaction Record (ATF Form 4473)—in which the purchaser answers questions about his or her eligibility to legally purchase or possess firearms under penalty of perjury—and facilitating a background check to verify the purchaser's eligibility. On this same form, Question 11.a. requires the prospective purchaser to certify—under penalty of law—if he or she is "the actual transferee/buyer of the firearm(s) listed on this form," which is a fact material to the lawfulness of the firearm sale. If a person purchases a firearm for someone else but claims that he or she is "the actual transferee/buyer of the listed firearm(s)," the firearm acquisition is called a "straw purchase" and this conduct is also commonly called "lying-and-buying," which is a violation of 18 U.S.C. § 922(a)(6).

## COUNT ONE

Violation: 18 U.S.C. §§ 371, 922(a)(6) (Conspiracy to Acquire a Firearm from a Licensed Dealer by False or Fictitious Statement)

From on or about June 19, 2019, and continuing until on or about the date of the filing of this Indictment, in the Eastern District of Texas and elsewhere, the defendants,

**ADRIAN ALEJANDRO GARCIA ("GARCIA")**

did knowingly and willfully combine, conspire and agree with each other and with other persons known and unknown to the United States Grand Jury (hereinafter "Coconspirators") to make false and fictitious written statements to a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, in connection with the acquisition of a firearm, which statement was intended and likely to deceive the said licensed dealer of firearms as to a fact material to the lawfulness of such sale of the said firearm, in violation of 18 U.S.C. § 922(a)(6).

### B. MANNER AND MEANS OF THE CONSPIRACY

Among the means that the defendants and coconspirators carried out the object of the conspiracy were:

4.  The conspirators formulated a plan to purchase firearms on behalf of others with the intent to resell them for profit and/or smuggle them from the United States;

5.  The conspirators identified and located certain firearms for sale by FFL's located throughout the state of Texas, said firearms being highly sought by the Mexican drug cartels;

Garcia et al. Indictment – Page 3

6. The conspirators traveled from their homes to the identified FFLs in order to purchase the firearms;

7. The conspirators utilized straw purchasers to make the firearms purchases on their behalf; and

8. Since June 2019, coconspirators have purchased at least 43 firearms from the FFL's listed above in Paragraph 2, many being the same make and model.

## C. OVERT ACTS

In furtherance of the conspiracy and to affect the objects thereof, in the Eastern District of Texas and elsewhere, at least one of the conspirators committed and caused to be committed, at least one of the following overt acts:

9. On or about June 16, 2022, ▮▮▮▮▮ purchased an Ohio Ordnance Works, M2-SLR, .50 BMG rifle, S/N: 850085 for $18,402.48 in cash and with a debit card from Mission Ridge Range & Academy, Plano, Texas, Eastern District of Texas. Although this firearm was purchased on behalf of and at the direction of **GARCIA**, ▮▮▮▮▮ falsely stated on the ATF Form 4473 that he was the true purchaser and transferee of the firearm.

## COUNT TWO

<u>Violation:</u> 18 U.S.C. §§ 922(a)(6) & 2
(Acquire a Firearm from a Licensed
Dealer by False or Fictitious Statement;
Aiding and Abetting)

On or about June 16, 2022, in the Eastern District of Texas, **ADRIAN ALEJANDRO GARCIA** ███████████████████, defendants, in connection with the acquisition of a firearm, to wit: Ohio Ordnance Works, M2-SLR, .50 BMG rifle, S/N: 850085, from Mission Ridge Range & Academy, a licensed dealer within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement that was intended and likely to deceive Mission Ridge Range & Academy as to a fact material to the lawfulness of such sale of the said firearm to the defendant.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

<u>Pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 924(d), and 28 U.S.C. § 2461.</u>

As the result of committing the offenses alleged in this Indictment, the defendants shall forfeit to the United States:

a. Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting a "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), or a conspiracy to commit such offense;

and any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(a)(6); including, but not limited to, the following:

    (1)    **Specific Assets.**

    a.  Barrett, M82A1, .50 BMG caliber rifle, S/N: AA014051
    b.  Ohio Ordnance Works, M2-SLR, .50 BMG rifle, S/N: 850085; and
    c.  any ammunition related to the case.

    (2)    **Cash Proceeds.** A money judgment in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the offense alleged in this Indictment.

    (b)    If any of the property described above as being subject to forfeiture as a result of any act or omission of the defendants-

    (1)    cannot be located upon the exercise of due diligence;

    (2)    has been transferred or sold to, or deposited with a third person;

    (3)    has been placed beyond the jurisdiction of the court;

    (4)    has been substantially diminished in value; or

    (5)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendants.

By virtue of the commission of the offenses alleged in this Indictment, any and all interest the defendants have in the above-described property is vested in and forfeited to the United States.

A TRUE BILL

_____<br>GRAND JURY FOREPERSON

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

Date: _____

_____
MATTHEW T. JOHNSON
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **SEALED** |
| | § | |
| v. | § | No. 4:23-CR- |
| | § | Judge |
| ADRIAN ALEJANDRO GARCIA (1) | § | |
| ███████████████████ | § | |

## NOTICE OF PENALTY

### Count One

Violation:   18 U.S.C. §§ 371, 922(a)(6)

Penalty:   Imprisonment of not more than 5 years, a fine not to exceed $250,000, or both; a term of supervised release of not more than three years.

Special Assessment:   $ 100.00

### Count Two

Violation:   18 U.S.C. §§ 922(a)(6) & 2

Penalty:   Imprisonment of not more than ten (10) years, a fine not to exceed $250,000, or both. A term of supervised release of not more than three (3) years.

Special Assessment: $100.00