UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS (SHERMAN DIVISION)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ADRIAN ALEJANDRO GARCIA and CHRISTOPHER GONZALEZ,<br><br>        Defendants.<br>------------------------------ | Case No. 4:23-cr-00114-RWS-AGD-1, 2 |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>STANLEY SELON,<br><br>        Defendant. | Case No. 4:23-cr-00058-ALM-BD-1<br><br>Plano, Texas<br>June 1, 2023<br>10:13 a.m. |

TRANSCRIPT OF INITIAL APPEARANCE AND ARRAIGNMENT HEARING
BEFORE THE HONORABLE KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Michael Anderson, Esq. for Matthew Johnson, Esq.<br>U.S. Attorney's Office<br>101 E. Park Boulevard<br>Suite 500<br>Plano, TX 75074 |
| For the Defendant:<br>(Adrian Garcia) | Kent H. Poynor, Esq.<br>Law Office of Kent H. Poynor<br>6116 N. Central Expressway – #605<br>Dallas, TX 75206 |
| For the Defendant:<br>(Christopher Gonzalez) | Roger E. Haynes, Esq.<br>Law Office of Roger E. Haynes<br>3300 Oak Lawn Avenue<br>Suite 700<br>Dallas, TX 75219 |

For the Defendant:          Bryan Mac Morris, Esq.
(Stanley Selon)             Law Office of Mac Morris
                            7600 San Jacinto Place
                            Ste 200
                            Plano, TX 75024

Court Recorder:             KNP

Transcription Service:      Chris Hwang
                            Abba Reporting
                            PO Box 223282
                            Chantilly, Virginia   20153
                            (518) 302-6772

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

(Call to order at 10:13 a.m.)

THE COURT:  We'll call the first two cases together. Please stand in the order that I call your case.  4:23-CR-114, United States v. Adrian Alejandro Garcia and Christopher Gonzalez, and 4:23-CR-58, United States v. Stanley Selon.

MR. ANDERSON:  Michael Anderson on behalf of Matthew Johnson for the United States Government.

THE COURT:  Good morning.  Is counsel ready to proceed?

UNIDENTIFIED SPEAKER:  We're ready, Your Honor.

THE COURT:  All right, sirs, please raise your right hand to be sworn.

(Mr. Garcia, Mr. Gonzalez, and Mr. Selon are sworn)

THE COURT:  All right, we're here today, sirs, for your initial appearance.  Each of you have been charged with violations of federal criminal law in an underlying indictment.

Have each of you received a copy of your indictment?

MR. GARCIA:  Yes, ma'am.

MR. GONZALEZ:  Yes, ma'am.

MR. SELON:  Yes, ma'am.

THE COURT:  You do have the right to have your indictment read aloud at this time or you may waive that right. What would you like to do?

MR. GARCIA:  Waive.

MR. GONZALEZ:  Waive.

MR. SELON:  Waive.

THE COURT:  At this time, I'll ask the Assistant United States Attorney to advise each of you of the charges that have been alleged against you and the associated penalties with those charges.

Mr. Anderson?

MR. ANDERSON:  Yes, Your Honor.  Each Defendant is charged with one count of 18 USC Sections 371 and 922(a)(6), conspiracy to acquire a firearm from a licensed firearm dealer by false or fictitious statement.

And each Defendant is also charged with one count of 18 USC Sections 922(a)(6) and (2), acquire a firearm from a licensed dealer by false or fictitious statement, aiding and abetting.

THE COURT:  Well, hold on, Mr. Anderson.  That's Mr. Garcia's and Mr. Gonzalez.  That's not Mr. Selon.

MR. ANDERSON:  I'm sorry, are we doing -- I thought we were doing Adrian Garcia and Christopher Gonzalez.

THE COURT:  And Mr. Selon.

MR. ANDERSON:  Okay, and Mr. Selon.  I would -- one second.  Mr. Selon is alleged to have committed one count of 18 USC Sections 1951, Hobbs Act conspiracy.

With regard to Mr. Adrian Garcia and Mr. Christopher Gonzalez, §18 USC -- I mean, 18 USC Sections 371 and 922 (a)(6) has a penalty exposure of imprisonment for not more than 5

years, a fine not to exceed $250,000 or both, and a term of Supervised Release of not more than 3 years.

And for Mr. Garcia and Mr. Gonzalez with regard to 18 USC Sections 922 (a)(6) and (2), the maximum exposure penalty is a term of imprisonment of not more than 10 years, a fine not to exceed $250,000 or both, and a term of Supervised Release of not more than 3 years.

With regard to Mr. Selon, 18 USC Sections 1951 and 2113(a) have the maximum exposure of imprisonment of not more than 20 years, a fine of not to exceed $250,000 or both, a term of Supervised Release of not more than 3 years.

May I have one moment, Your Honor?

THE COURT:  Yes.  Mr. Selon's charged in Counts 1 through 3 with violation of 8 United States Code 1951, Hobbs Act robbery.  And he's also charged in Count 4 with a violation of 18 United States Code 924(c), brandishing a firearm during a crime of violence.

MR. ANDERSON:  And with regard to -- with regards to 1, 2 and 3, all are sections of violation of 18 USC 19 Sections 1951 and 2113(a).  All of those have a maximum exposure of imprisonment not more than 20 years, a fine not to exceed $250,000 or both, and a term of Supervised Release of not more than 3 years.

THE COURT:  Right.  But you need to do the punishment for 924(c).

MR. ANDERSON:  And for 18 USC Sections 924(c), the maximum penalty is a term of imprisonment of not less than 5 years unless the firearm is brandished, in which case the minimum is 7 years, or unless the firearm is discharged, in which case the minimum sentence is 10 years, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000 or both, and Supervised Release of at least 3 years, but not more than 5 years.

THE COURT:  All right, thank you.  Do each of you understand the nature of the charges that are alleged against you?

MR. GARCIA:  Yes, ma'am.

MR. GONZALEZ:  Yes, ma'am.

MR. SELON:  Yes, Your Honor.

THE COURT:  Each of you have the right to be represented by an attorney throughout these proceedings.  You have the right to hire an attorney or you can ask the Court to appoint an attorney for you.

I've received a financial affidavit from Mr. Gonzalez and Mr. Selon.  Can each of you please confirm that you have signed your financial affidavit?

MR. GONZALEZ:  Yes, ma'am.

THE COURT:  Mr. Selon?

MR. SELON:  Yes, ma'am.

THE COURT:  And did you provide the information

that's contained in it?

MR. SELON:  Yes.

MR. GONZALEZ:  Yes, ma'am.

THE COURT:  And do you understand that you signed your affidavit under oath?  If there's false information that's contained in it, you could be prosecuted for perjury or false statement?

MR. GONZALEZ:  Yes, ma'am.

MR. SELON:  Yes, ma'am.

THE COURT:  Based on the information each of you have provided, I do find that you qualify for the appointment of counsel and you have counsel here with you this morning.

Counsel, are your clients prepared to go forward with the arraignment at this time?

MR. POYNER:  Yes, Your Honor.

MR. HAYNES:  Yes, Your Honor.

MR. MAC MORRIS:  Yes, Your Honor.

THE COURT:  All right, please state your full name and age for the record?

MR. GARCIA:  Adrian Garcia, 30 years old.

MR. GONZALEZ:  Christopher Gonzalez, 34 years old.

MR. SELON:  Stanley Selon, 23 years old.

THE COURT:  What is the last grade of school that you've completed?

MR. GARCIA:  I graduated high school.

MR. GONZALEZ:  Graduated high school.

MR. SELON:  Graduated high school.

THE COURT:  Have you ever been diagnosed with any mental illness or problem?

MR. GARCIA:  No, Your Honor.

MR. GONZALEZ:  No, ma'am.

MR. SELON:  PTSD.

THE COURT:  Are you seen by a doctor for that diagnosis?

MR. SELON:  Just counselor.

THE COURT:  Just what?

MR. SELON:  Counselor.

THE COURT:  I can't hear you.

MR. SELON:  Counselor.

THE COURT:  Okay, are you not on any prescribed medication?

MR. SELON:  I am.

THE COURT:  Okay, who -- for --

MR. SELON:  Fannin County prescribed the medicine, but I was dealing with this since I was in Douglas County.

THE COURT:  Okay.  All right.  But are you on your medication as prescribed at this time?

MR. SELON:  I was just moved to Fantin (sic) County and they --

THE COURT:  So you're not --

MR. SELON:  -- record of it.

THE COURT:  So you're not on that medication at this time?

MR. SELON:  Not just yet.

THE COURT:  All right, do you understand what we're doing here today?

MR. SELON:  Yes, ma'am.

THE COURT:  All right, anybody under the influence of any drug or alcohol at this time?

MR. GARCIA:  No, Your Honor.

MR. GONZALEZ:  No, ma'am.

MR. SELON:  No.

THE COURT:  Counsel, do you believe your client is competent to proceed here today?

MR. POYNER:  I do.

MR. HAYNES:  Yes, Your Honor.

MR. MAC MORRIS:  Yes, Your Honor.

THE COURT:  All right, at this time, I'll ask each of you how you plead to the charges alleged against you.

Mr. Garcia and Mr. Gonzalez, as to Count 1 of your indictment charging a violation of 18 United States Code 371, 922(a)(6), conspiracy to acquire a firearm from a licensed dealer by false or fictitious statement, and Count 2, charging a violation of 18 United States Codes 922(a)(6) and (2), acquire a firearm from a licensed dealer by false or fictitious

statement and aiding and abetting, how do you plead, guilty or not guilty?

MR. GARCIA:  Not guilty.

MR. GONZALEZ:  Not guilty.

THE COURT:  Mr. Selon, as to Counts 1 through 3 charging violations of 18 United States Code 1951, Hobbs Act conspiracy and Count 4, charging a violation of 18 United States Code 924(c), brandishing a firearm during a crime of violence, how do you plead, guilty or not guilty?

MR. SELON:  Not guilty.

THE COURT:  I'll accept each of your pleas of not guilty to the charges that are alleged against you.  Each of you have a pre-trial conference that's been set before Judge Jordan on Monday, August 7th at 9:00 a.m.  That's in the courthouse where you are here today.

At that date, you'll be given a date for jury selection and trial.  I will enter an order that governs dates up to that pre-trial conference.  I'll also advise you at this time that the Government is required to produce all exculpatory evidence to you.  Not doing so in a timely manner may result in sanctions against the Government.

Mr. Anderson, is the Government moving to detain in these cases?

MR. ANDERSON:  Yes, Your Honor.

THE COURT:  All right, the Government's moving to

detain you.  That means they're asking that you be incarcerated pending your trial.  You do have the right to a hearing on that issue, where the Court will consider whether you should be detained pending your trial or released on conditions.  Or you may waive your right to that hearing.

Mr. Selon, I've received a waiver of the detention hearing from you.  Can you confirm for the record you've signed that document?

MR. SELON:  I signed it.

THE COURT:  Did you review the document with your attorney before you signed it?

MR. SELON:  Yes, ma'am.

THE COURT:  Do you understand that if you waive your right to a detention hearing, you will be detained pending your trial?

MR. SELON:  Yes, ma'am.

THE COURT:  All right, I find the waiver's been knowingly and voluntarily given.  Based on your waiver, you will be detained pending your trial.

For Mr. Garcia and Mr. Gonzalez, I will schedule a detention hearing for you for Monday.  And this is June 5th?  June 5th at 10:00 a.m.  Oh, not at 10:00 a.m., at 1:00 p.m.  All right, anything -- and you will be detained pending that hearing.

Anything further from counsel?

MR. ANDERSON:  Not by the Government.

MR. POYNER:  Not from us.

MR. HAYNES:  Nothing further, Your Honor.

MR. MAC MORRIS:  Nothing further, Your Honor.

THE COURT:  All right, we'll stand adjourned.

(Proceedings concluded at 10:23 a.m.)

**CERTIFICATE**

I, Chris Hwang, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

/s/ *Chris Hwang*
_____          September 3, 2025

Chris Hwang                    Date

Court Reporter